UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:21-CR-034-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KARENDA VAUGHN, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Karenda Vaughn's Motion to Modify Sentence based on compassionate release. [R. 63]. The United States responded with no objection to the Motion. [R. 65]. The matter is ripe for review. For the reasons stated herein, Defendant's Motion is granted.

**I. Background and Legal Standard**

On September 28, 2021, Defendant pleaded guilty to wire fraud. [R. 28; R. 29; R. 30]. She was sentenced to seven (7) months incarceration, followed by 18 months of supervised release. [R. 49]. Because of the documented, significant medical issues related to Defendant's minor daughter, the Court previously extended Defendant's report date to the Bureau of Prisons (BOP) to March 1, 2023. [R. 61]. On January 30, 2023, Defendant filed the instant Motion. Such motions for a sentence reduction are pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release."

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

- 1 -

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>> (1) In any case—
>>> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that*—**
>>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .*
>>>>
>>>> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115–391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006).

However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-

release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

## II. Discussion

### A. Extraordinary and Compelling Reasons

As an initial matter, the Court will first address exhaustion. As the United States agrees, "the administrative exhaustion requirement is not jurisdictional, but is a mandatory claim-processing rule" which may be waived by the government. *United States v. Miller,* 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021); *Alam*, 960 F.3d at 833−35; *see also* [R. 65]. Here, "because the United States does not oppose the defendant's requested relief under these exceptional circumstances, it will not invoke the requirement in this case." [R. 65, pp. 1–2]. Accordingly, exhaustion is not a bar to relief in this case.

At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post-First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In her Motion, Defendant argues for compassionate release because her young child's

- 4 -

medical situation "has only worsened and become more complicated." [R. 63, p. 1]. The Motion attaches a letter from Defendant explaining her daughter's grave medical situation, [R. 63-2], along with medical records documenting her condition. [R. 63-3]. The government agrees that this case involves extraordinary and compelling circumstances warranting the requested relief. *See generally* [R. 65]. Accordingly, the Court finds Defendant has met her burden under step one, as extraordinary and compelling circumstances exist.

### B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and finds that the factors support release. The United States likewise agrees such factors warrant release. *See* [R. 65, p. 3] ("The United States agrees that the health issues of defendant's youngest child present such [extraordinary and compelling] circumstances and that none of the relevant sentencing factors of 18 U.S.C. § 3553(a) weigh

against release.").

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Karenda Vaughn's Motion to Modify Sentence, **[R. 63]**, is **GRANTED.**

2. **Defendant Karenda Vaughn's sentence of incarceration is hereby AMENDED to a sentence of TWO (2) YEARS and ONE (1) MONTH PROBATION (a total of 25 months probation), with a special condition of home detention for the first twelve (12) months of the term of Probation. The home detention period shall commence within seven (7) days of this Order's entry. During this time, Karenda Vaughn must remain at her place of residence except for employment and other activities approved in advance by her probation officer. Karenda Vaughn will be allowed leave from home detention to address medical needs as to her child. Karenda Vaughn must maintain a telephone at her place of residence without any special services, modems, answering machines, or cordless telephones for the above period. The above home detention period shall not include location monitoring. All other previously imposed conditions as set forth in the original judgment shall apply to Karenda Vaughn's term of probation.**

This the 16th day of February, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY